UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **COLE WALKER MORRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 22-CV-0468-CVE-SH |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

On October 21, 2022, plaintiff Cole Walker Morris filed a pro se complaint (Dkt. # 1), and a motion to proceed in forma pauperis (Dkt. # 2). The Court addresses plaintiff's complaint sua sponte because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" See 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006)); see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff's complaint alleges the following facts: "false arrest x2, torcher [sic] x2, civil and human right's [sic] violation's [sic] (extensive), falsified [c]ourt document's [sic] x1, statue [sic] of limitation's violation x1 for

false aprehension [sic]." Dkt. # 1, at 5.  Plaintiff alleges that the events giving rise to his claim occurred at "Roger's [sic] County Jail, and Courthouse, Claremore Oklahoma."[1]  Id.  Finally, the complaint states that plaintiff was released from his "second false arrest" on "October 3rd," and there was an initial occurrence two and a half to three years before that date.  Id.

Plaintiff filed this action using the court's Complaint for Violation of Civil Rights form, which pro se plaintiffs use to file claims against either state or local officials under 42 U.S.C. § 1983 or federal officials under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and its progeny.  Even construing plaintiff's complaint liberally, it cannot be read to assert a federal constitutional violation, nor any claim at all.  The complaint fails to state facts that allege what happened to him and by whom, and so no claim is asserted.  Because the complaint does not allege any constitutional violation or other violation of federal law, plaintiff has no claim over which this Court has jurisdiction.  Regardless of plaintiff's pro se status, the Court cannot permit plaintiff to proceed with the lawsuit when the Court lacks subject matter jurisdiction over his claims.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for lack of subject matter jurisdiction.  A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis (Dkt. # 2) is **granted** and he does not owe the filing fee.

**DATED** this 26th day of October, 2022.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] The United States of America is the only defendant named (Dkt. # 1, at 1-2), but the complaint does not allege anything against federal officials.  Instead, the complaint alleges Rogers County jail and courthouse as the only location where the events occurred so, presumably, the action might be against state or local officials rather than the United States.